## U. S. TEX OIL CORPORATION v. OCCIDENTAL OIL CORPORATION.

(Circuit Court of Appeals, Fifth Circuit. February 9, 1924.)

No. 4154.

Mines and minerals ⊙⟹74—Stipulation between lessee and assignee as to meaning of provision of assignment held effective.

Stipulation entered into between lessee and assignee subsequent to execution of assignment of oil and gas lease, which gave lessee a specified fractional part of the oil and gas produced, making the posted price of crude oil the basis of the amount due lessee, *held* effective, whether regarded as a modification of the assignment or as evidence of a construction by the parties of a provision thereof.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by the Occidental Oil Corporation against the U. S. Tex Oil Corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Nelson Phillips, of Dallas, Tex., and Ike A. Wynn and E. B. Robertson, both of Fort Worth, Tex. (Phillips, Townsend & Phillips, of Dallas, Tex., and Wynn & Robertson, of Fort Worth, Tex., on the brief), for plaintiff in error.

Joseph Manson McCormick, of Dallas, Tex. (F. M. Etheridge, J. M. McCormick, H. L. Bromberg, and Paul Carrington, all of Dallas, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. In its facts and in the rulings made this case is quite similar to the case of U. S. Tex Oil Corporation v. Kynerd (Circuit Court of Appeals, Fifth Circuit, present term) 296 Fed. 836, with the exception that, some time after the execution of the assignment of an oil, gas, and mineral lease by the defendant in error to the plaintiff in error, those parties entered into another written agreement, dated February 27, 1922, which contained the following:

"It being the intention of this instrument to finally settle and determine the amount that the said Morris Frankel, trustee, shall be entitled to deduct from the first net production from the said leases to cover the expense, development, and cost of operation thereof provided for in said contract, and that after the said Morris Frankel, trustee, shall have deducted the sum of $407,300.00 from the first fourteen-sixteenths of the production from said leases that no other expenses of any kind or character incidental to the development or operation of the said leases shall be chargeable against the said Occidental Oil Corporation; that said Occidental Oil Corporation shall be entitled to receive, after the deduction of the sum agreed upon herein, the sum of $950,000, stipulated in said contract, from seven-sixteenths of all oil produced from said leases, free from any expense of development or operation, it being understood, however, that the seven-sixteenths to be so paid the said Occidental Oil Corporation shall be upon the basis of the posted price of crude oil as stipulated in said contract; and it is agreed that when the production from seven-sixteenths of the oil produced from said leases shall have liquidated the said sum of $950,000, that the obligation of Morris Frankel, trustee, under said contract, shall be fully discharged, and said leases shall be free from any incumbrances or obligations to the said Occidental Oil Corporation."

It was open to the parties to the lease assignment contract to put their own construction upon or to modify the provision thereof which obligated the assignee to pay to the assignor a stated sum "out of seven-sixteenths of the oil and gas produced." They exercised that right by agreeing upon the following stipulation contained in the agreement of February 27, 1922:

"It being understood, however, that the seven-sixteenths to be so paid the said Occidental Oil Corporation shall be upon the basis of the posted price of crude oil as stipulated in said contract."

That stipulation is plain and explicit. It evidences the assignor's consent to be paid for its share of the oil produced upon the basis of the posted price of crude oil. It is effective, whether it is regarded as a modification of the assignment contract, or as evidencing a con-

struction by the parties of a provision thereof. It is inconsistent with the asserted right of the assignor to be paid for its share of the oil produced on the basis of the prices at which the assignee sold that oil, which were greater than the posted prices. It follows that the court erred in directing a verdict for an amount which was fixed on the theory that the assignee of the.lease was liable to the assignor for more than the posted price of oil sold.

Because of that error, the judgment is reversed, and the cause is remanded for a new trial.

Reversed.